UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEVROL PALMER,

                            Plaintiff,

          v.                                      9:16-CV-0027
                                                      (GLS/TWD)

DR. MICHAEL SEIDMAN et al.,

                            Defendants.
_____

APPEARANCES:

DEVROL PALMER
A042-246-205
Plaintiff, pro se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

GARY L. SHARPE
Senior District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

The Clerk has sent to the Court a complaint submitted for filing by pro se plaintiff Devrol Palmer pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). Plaintiff, who is confined at the Buffalo Federal Detention Facility awaiting removal and deportation,[1]

---

[1] Plaintiff was released from the custody of the New York State Department of Corrections and Community Supervision to parole supervision on September 14, 2015. *See* http://nysdoccslookup.doccs.ny.gov. (information for former inmate Devrol Palmer, DIN 01-A-4746) (last visited January 21, 2016) (noting that Palmer was conditionally released to immigration).

has filed a motion for a temporary restraining order and preliminary injunctive relief. Dkt. No. 3.

## II.	DISCUSSION

Upon review of plaintiff's IFP Application (Dkt. No. 2), the Court finds that plaintiff has demonstrated sufficient economic need. Therefore, plaintiff's IFP Application is granted.[2]

Construed liberally, plaintiff alleges that defendants denied him adequate medical care in deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. *See generally* Compl. Plaintiff seeks monetary relief. *Id*. at 9. For a complete statement of plaintiff's claims, refer to the complaint.

Mindful of the requirement to liberally construe pro se pleadings, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the complaint alleges enough to warrant a responsive pleading. In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

The court notes that plaintiff has named "John/Jane Doe" defendants in his complaint. Plaintiff is advised that service of process cannot be effected on a "John or Jane Doe" defendant. In the event plaintiff wishes to pursue his claims against these defendants,

---

[2] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), requires an inmate who seeks IFP status to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a). In addition, this district requires all inmates to submit an inmate authorization form issued by the clerk's office. *See* N.D.N.Y. L.R. 5.4(b). As a civil detainee, however, plaintiff is not considered a "prisoner" under the PLRA. *See Makas v. Miraglia*, No. 05 CIV 7180, 2007 WL 724603, at *12 n.6 (S.D.N.Y. March 5, 2007); *see also Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002) (INS detainee not prisoner); *LaFont v. INS*, 1235 F.3d 158, 165 (D.C. Cir.1998) (same). Accordingly, plaintiff is not required to submit an inmate authorization form in order to be eligible for IFP status, or to pay the filing fee over time.

2

plaintiff shall take reasonable steps to ascertain their identities.  Plaintiff may seek to determine the identity of "John Doe" and "Jane Doe" defendants through discovery.  When plaintiff determines the identity of the "John Doe" or "Jane Doe" defendants, plaintiff may seek to amend his pleading to add the properly named defendants pursuant to Fed. R. Civ. P. 15.  Plaintiff is further advised that if these unnamed individuals are not timely served, the action may be dismissed against them.

Turning to plaintiff's motion for a temporary restraining order and preliminary injunctive relief, "[i]n general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27,

33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore*, 409 F.3d at 511.

Plaintiff requests a court order enjoining Lorretta Lynch, the United States Attorney General; Michael Philips, Field Office Director for Detention and Removal, Buffalo Field Office, Bureau of Immigration and Customs Enforcement; the Department of Homeland Security; and Todd Tryon, Facility Director, Buffalo Federal Detention Facility, "from Removing the plaintiff from the jurisdiction of this Court . . . pending the hearing and determination of this order to show cause" and "restrain[ing] [them] from Deporting the plaintiff . . . until the completion and adjudication" of this action. Dkt. No. 3 at 1-2. Plaintiff thus requests mandatory injunctive relief which will change the status quo.

Insofar as plaintiff seeks injunctive relief against persons who are not defendants in the present action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an

4

interlocutory, injunction over a party over whom it does not have personal jurisdiction.").[3]

Moreover, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); s*ee, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Here, plaintiff's request to stay his removal by the Federal government is not related to the claims in the complaint that medical staff employed by the New York State Department of Corrections and Community Supervision (DOCCS) denied him adequate medical care for his serious medical needs when he was previously in DOCCS custody. *See generally* Compl.

For the foregoing reasons, plaintiff's motion, (Dkt. No. 3), for a temporary restraining order and preliminary injunctive relief is denied.

---

[3] On May 11, 2005, Congress passed the REAL ID Act, which took effect that same day. *See* REAL ID Act of 2005, Pub.L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section 106(a)(1)(B) sets forth that a "petition for review filed with the appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal," with exceptions not relevant here. Thus, district courts lack jurisdiction to stay an order of removal. *See Munoz v. Gonzalez*, No. 05 Civ. 6056, 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to stay the order of removal); *Robinson v. Mule*, 05-CV-0536A, 2005 WL 1971893, at *1 (W.D.N.Y. Aug. 15, 2005) (same); *McDonald v. Mule*, No. 05-CV-6367, 2005 WL 1971896, at *1 (W.D.N.Y. Aug. 9, 2005) (same).

**III. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**[4]; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon defendant Seidman.[5] The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the complaint be filed by the defendant, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff take reasonable steps to ascertain the identity of the "John and Jane Doe" defendants, and when identified, seek to amend the complaint to add the individuals as defendants in this action pursuant to Fed. R. Civ. P. 15(a); and it is further

**ORDERED** that plaintiff's motion for a temporary restraining order and preliminary injunctive relief (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of

---

[4] Plaintiff should note that, although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[5] Summonses will not issue for the John or Jane Doe defendants because the U.S. Marshal cannot effect service on an individual who has not been identified by name.

New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

January 21, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge