UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEVROL PALMER,

                      Plaintiff,

                v.                                9:16-CV-0027
                                          (GLS/TWD)

DR. MICHAEL SEIDMAN et al.,

                      Defendants.
_____

APPEARANCES:                              OF COUNSEL:

DEVROL PALMER
A042-246-205
Plaintiff, pro se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

HON. ERIC T. SCHNEIDERMAN          ORIANA L. CARRAVETTA
New York State Attorney General             Assistant Attorney General
Attorney for Defendant Seidman
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Devrol Palmer commenced this action by filing a pro se civil rights complaint together with a motion for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed January 22, 2016, plaintiff's IFP Application was granted and following review of the complaint in accordance with 28

U.S.C. § 1915(e)(2)(B), the Court directed service of the complaint upon defendant Seidman and advised plaintiff to take steps to identify the Doe defendants by name. Dkt. No. 4 (the "January 2016 Order"). Defendant Seidman filed an answer to the complaint. Dkt. No. 14. Thereafter, a Mandatory Pretrial Discovery and Scheduling Order was issued. Dkt. No. 15. Defendant Seidman subsequently filed a motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 21. Upon learning the identity of certain "Doe" defendants, plaintiff filed an amended complaint. Dkt. No. 28 ("Am. Compl.").

Presently before the Court for review are plaintiff's amended complaint (Dkt. No. 28) and defendant Seidman's motion to dismiss (Dkt. No. 21) the original complaint.

## II. DISCUSSION

### A. Review of the Amended Complaint

Plaintiff's amended complaint re-alleges in more detail the Eighth Amendment medical indifference claims that were asserted against defendant Seidman in the original complaint. *See generally* Am. Compl. The amended complaint also names five new defendants: C. Wheeler, Registered Nurse, Riverview Correctional Facility; K. Weyn, Registered Nurse, Riverview Correctional Facility; J. Parks, Registered Nurse, Watertown Correctional Facility; Grace Kennedy, Registered Nurse, Ulster Correctional Facility; and C. Hayes, Registered Nurse, Ulster Correctional Facility, and asserts claims of wrongdoing against them. *Id*.

Because plaintiff is proceeding pro se, the Court has reviewed the amended complaint thoroughly and has read the allegations contained therein liberally in the light most favorable to him. Construed in this light, the amended complaint alleges that the six defendants named in the amended complaint denied him adequate medical care in deliberate

2

indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. *See generally* Am. Compl. Mindful of the requirement to liberally construe pro se pleadings, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the amended complaint alleges enough to warrant a responsive pleading. In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed dispositive motion.

Plaintiff has not included in the amended complaint any of the "Doe" defendants in either the caption or the list of defendants, nor has he included any allegations of wrongdoing by them in the body of the amended complaint. In their place, plaintiff has now identified by name the various medical staff members who allegedly violated his constitutional rights. *See* Am. Compl. at 2. Accordingly, the Clerk of the Court will be directed to edit the docket to terminate "John/Jane Doe 1, Medical Staff, Riverview Correctional Facility"; "John/Jane Doe 2, Medical Staff, Watertown Correctional Facility"; and "John/Jane Doe 3, Medical Staff, Ulster Reception Correctional Facility" as defendants to this action.

### B.     The Motion to Dismiss

"Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli*, No. 07-CV-0838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep. 29, 2008) (citing *Haywood v. Republic Tobacco, Co., L.P.*, No. 05-CV-842A, 2007 WL 1063004 (W.D.N.Y. Apr. 6, 2007)). Because defendant Seidman's motion to dismiss is addressed solely to plaintiff's original complaint, which is no longer the operative pleading, the motion to dismiss, (Dkt. No. 21), is denied as moot.

### III.    CONCLUSION

3

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 28) is accepted for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate "John/Jane Doe 1, Medical Staff, Riverview Correctional Facility"; "John/Jane Doe 2, Medical Staff, Watertown Correctional Facility"; and "John/Jane Doe 3, Medical Staff, Ulster Reception Correctional Facility" are as a defendants to this action; and it is further

**ORDERED** that the Clerk of the Court is directed to edit the docket to add "C. Wheeler, Registered Nurse, Riverview Correctional Facility"; "K. Weyn, Registered Nurse, Riverview Correctional Facility"; "J. Parks, Registered Nurse, Watertown Correctional Facility"; "Grace Kennedy, Registered Nurse, Ulster Correctional Facility"; and C. Hayes, Registered Nurse, Ulster Correctional Facility as defendants; and it is further

**ORDERED** that, upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants C. Wheeler, K. Weyn, J. Parks, Grace Kennedy, and C. Hayes; and it is further

**ORDERED** that defendants C. Wheeler, K. Weyn, J. Parks, Grace Kennedy, and C. Hayes, or their counsel, respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that defendant Seidman shall file a response to the amended complaint **within thirty (30) days** of the filing of this Decision and Order; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 21) is **DENIED as moot**; and

4

it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

January 3, 2017  
Albany, New York

_____  
Gary L. Sharpe  
U.S. District Judge